**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**KEVIN J. HICKS, JR.,**                                                                          **PLAINTIFF**

**V.**                                  **NO. 2:04CV336-WAP-EMB**

**DESOTO COUNTY JAIL, JAMES ALBERT**
**RILEY, DR. BRAY & SERGEANT RUSSEL**                     **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On April 6, 2005, the *pro se* plaintiff, Kevin J. Hicks, Jr., appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently an inmate at the Tate County Jail. His Complaint alleges that as the result of a motor vehicle accident which occurred in August 2003, a metal plate and screws were surgically inserted in his left arm. After being involved in a fight at the DeSoto County Jail, he has been in constant pain. Plaintiff alleges Dr. Bray had him transported out for diagnostic tests. When he questioned Dr. Bray about the results of his tests, Dr. Bray told him nothing was wrong with him. Plaintiff states he is also experiencing shoulder pain which he attributes to a possible torn rotator cuff. He claims he has requested pain medication and help from the doctor, but none has been provided.

At the *Spears* hearing, plaintiff added that he was actually x-rayed before Dr. Bray ever examined him.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment

. . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

As an initial matter, the DeSoto County Jail is not a proper defendant to a § 1983 complaint and should be dismissed. Additionally, plaintiff has failed to allege any personal involvement either on the part of James Riley or Sergeant Russel [sic], and these defendants should be dismissed as well. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

The Court now turns to plaintiff's claim against Dr. Bray. Plaintiff's medical records, provided by the DeSoto County Jail pursuant to this Court's Order dated January 27, 2005, indicate that prior to the filing of his Complaint, plaintiff was examined by Dr. Bray and treated for his

2

complaints of right shoulder and left wrist pain.  Indeed, these records reveal plaintiff repeatedly refused medications prescribed by Dr. Bray.  Additionally, X-rays of the right shoulder taken in November 2004 were normal.  X-rays of the left arm taken since the filing of the Complaint were unremarkable and showed that the hardware was intact.  And, plaintiff was given an injection for right shoulder impingement in January 2005.

Based on this, plaintiff has failed to adequately allege facts that would suggest that prison officials were "deliberately indifferent" to a serious medical need.  Ultimately, his dissatisfaction with his treatment and the results does not rise to the level of a constitutional claim.  Therefore, it is recommended that plaintiff's Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 15th day of April, 2005.

      **/s/   Eugene M. Bogen**
      **UNITED STATES MAGISTRATE JUDGE**